UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TABBOATH CUNNINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:08-cv-1021 |
| | ) | Judge Nixon |
| WASHINGTON GROUP | ) | Magistrate Judge Griffin |
| INTERNATIONAL INC. And | ) | |
| TENNESSEE CARPENTERS | ) | |
| REGIONAL COUNCIL, LOCAL | ) | Jury Demanded |
| UNION 223, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING JOINT MOTION TO TRANSFER VENUE

Before the Court is the Parties Joint Motion to Transfer Venue to the Western District of Tennessee, Eastern Division. For the reasons set forth below, the motion is **GRANTED**.

For the convenience of the parties and witnesses, this Court may transfer this matter to any other district or division where the action might have been brought. 28 U.S.C. § 1404(a). All of Plaintiff's causes of action arise under Title VII of the Civil Rights Act of 1964, which provides that such a claim may be brought in any of three venues: (1) any judicial district in the State in which the alleged unlawful employment practice was committed; (2) in the district where the employment records are kept; or (3) in the district in which the claimant would have worked but for the unlawful employment practice. 42 U.S.C. § 2000e-5(f)(3). Here, the alleged unlawful actions occurred in Tennessee and, therefore, venue is proper in any judicial district in Tennessee.

1

Plaintiff and most of the key witnesses reside in the Western District, Eastern Division. Counsel for Plaintiff and Defendants are also located in the Western District, and many of the operative facts leading up to this claim occurred in the Western District, Eastern Division. Therefore, out of convenience for the parties, the witnesses, and counsel, this matter is hereby transferred to the Western District of Tennessee, Eastern Division.

**IT IS SO ORDRERED** this 19th day of December, 2008.

_____
UNITED STATES JUDGE